

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

―――――――――――――――

No. 06-11-00073-CV

―――――――――――――――

OSCAR DEAN DAVIS, Appellant

V.

WALTER EARL STEPHENSON, SR., Appellee

―――――――――――――――――――――――――

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. CCL-11-C-167

―――――――――――――――――――――――――

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Oscar Dean Davis, appellant, filed his notice of appeal July 20, 2011.

Davis filed a motion to extend time "to complete appeal," which this Court granted to September 21 for the filing of the record. Davis is not indigent and is therefore responsible for payment of the clerk's record and reporter's record. *See* TEX. R. APP. P. app. C (B)(1); 20.1.

The clerk's record was due on September 21, 2011. There is no information to indicate Davis has made efforts to have the clerk's record filed with this Court. On October 21, 2011, we contacted Davis by letter, giving him an opportunity to cure the various defects, and warning him that if we did not receive an adequate response within ten days, this appeal would be subject to dismissal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c).

On September 23, 2011, we received Davis' brief in this matter, which we returned to him, explaining that the clerk's record had not been filed and that his brief would be due thirty days after the clerk's record had been filed. Appellate courts must base their decisions on the record as made and brought forward, not on a record that should have been made or that could have been made. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). Although the jurisdiction of a court of appeals is invoked by timely filing documents showing a bona fide intent to appeal, *see Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997), we cannot decide a case without an adequate record, and with no clerk's record, we have nothing to review, and therefore we cannot find error.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     November 29, 2011
Date Decided:       November 30, 2011